# United States District Court
## NORTHERN DISTRICT OF INDIANA

**FILED**

NOV 0 6 2006

UNITED STATES OF AMERICA

v.

COREY A. TAYLOR, and
CHRISTOPHER HUGHES

PAUL R. CHERRY
UNITED STATES MAGISTRATE
U.S. DISTRICT COURT
NORTH DISTRICT OF INDIANA

2:06 mj 220

## CRIMINAL COMPLAINT

I, __Detective Mike Barnes__, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>November 4th, 2006</u> in Lake County, in the Northern District of Indiana, the defendants did:

**Knowingly and intentionally possess with the intent to distribute 5 grams or more of a mixture and substance containing cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).**

I further state that I am an Task Force Agent with the Gang Response Investigative Team, and that this complaint is based on the following facts:

### AFFIDAVIT ATTACHED

Continued on the attached sheet and made a part hereof (X) Yes ( ) No

_____
Signature of Complainant

Detective Mike Barnes, Task Force Agent
Gang Response Investigative Team

Sworn to before me, and subscribed in my presence,

Date
November 6, 2006

Hammond, Indiana

Paul R. Cherry, United States Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANTS

I, Detective Michael L. Barnes being duly sworn under oath, state as follows:

### INTRODUCTION

1. I am a Detective with the Gary Police Department and have been so employed since July 1999. I am currently assigned as a task force agent with the Gang Response Investigative Team (GRIT), a local, state and federal task force focusing on drug crimes and violent crimes in Northwest Indiana. I have been assigned to GRIT for four and one-half years. In connection with my official duties, I investigate criminal violations of federal narcotics law, including but not limited to Title 21, United States Code Sections, 841, 843, 846 and 848.

2. I am familiar with the ways in which narcotic traffickers conduct their business, including but not limited to, their methods of importing and distributing narcotics, their use of telephones and digital display paging devices, and their use of numerical codes and code words to conduct their transactions.

3. I am familiar with and have participated in all of the normal methods of investigation, including but not limited to, visual surveillance, electronic surveillance, the general questioning of witnesses and suspects, and the use of informants and undercover operations. I have also debriefed defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances and the methods of laundering and concealing the proceeds from drug trafficking.

4. I have participated in the investigation of the below-described offenses and have written and read the reports concerning the progress of this investigation. As a result, I am fully conversant with all aspects of the investigation. The information contained in this affidavit is based upon my firsthand knowledge and the information provided by other law enforcement

officers and witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause in support of the attached complaint, and therefore contains only a summary of the relevant facts. I have not included each and every fact known to me concerning this investigation.

5. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on or about November 4, 2006, in the Northern District of Indiana, **Corey A. Taylor**, date of birth (DOB)March 21, 1982, Social Security Account Number (SSAN) 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, residing at 613 Taney Street, Gary, Indiana, and 519 Ellsworth Street, Gary, Indiana; and **Christopher Hughes**, DOB September 23, 1985, SSAN 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, residing at 613 Taney Street, Gary, Indiana, and 315 McKinley Street, Gary, Indiana, did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, commonly known as crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## SUMMARY OF PROBABLE CAUSE

6. On November 4, 2006, investigators initiated a traffic stop of a dark-colored GMC Sport Utility Vehicle (SUV), which defendant Taylor was observed to have entered on the passenger's side. The probable cause for the traffic stop was an expired Indiana license plate. The license plate had a number of 71191, which expired in September 2006. The vehicle was curbed in the 2900 block of Wabash Street, Gary, Indiana. Defendant Taylor and the driver of the vehicle, Christopher Hughes, were taken into custody.

7. A search incident to arrest of defendant Hughes revealed $857 from his right front pants pocket, in various denominations, and a set of nine keys on four connected key rings.

Investigators later discovered that one of the keys recovered from defendant Hughes operates the door lock and deadbolt on the front and rear doors of the residence at 613 Taney Street, Gary, Indiana.

8. During the search incident to arrest of defendant Taylor, investigators recovered from his left front pants pocket $3,000 in various denominations. From defendant Taylor's right front pants pocket, investigators retrieved $1,308 in various denominations, and a set of miscellaneous keys and key chains. Investigators later discovered that one of the keys recovered from defendant Taylor's pocket also operates the door lock and deadbolt on the front and rear doors of 613 Taney Street, Gary, Indiana.

9. During an inventory search of the vehicle and while attempting to locate the vehicle registration, investigators noticed the center console insert was ajar and not sealed properly. Due to the officers' training and experience and knowing that there is a void area under the center console insert, investigators lifted the center console and observed two clear, knotted plastic bags. The first bag contained 10 smaller clear, knotted plastic bags; each smaller bag contained a off-white rock-like substance, which was field tested and tested positive for the presence of crack cocaine. The first bag had a gross weight of 38.77 grams. The second clear plastic bag contained three more plastic bags, one of which contained 21 smaller knotted plastic bags each containing an off-white rock-like substance, which tested positive for the presence of crack cocaine and had a gross weight of 4.3 grams. Another bag found inside the second bag contained 31 smaller plastic bags each containing an off-white rock-like substance, which tested positive for the presence of crack cocaine and had a gross weight of 8.2 grams. The third bag found inside the second bag contained an off-white rock-like substance and had a gross weight of 6.8 grams.

10. Based on two controlled purchases of narcotics from defendant Taylor – both of which took place before the above-described traffic stop – investigators obtained a telephonic state-court search warrant from City Judge Monroe for the residence located at 613 Taney Street, Gary, Indiana – the residence for which defendants Taylor and Hughes were later found to possess house keys.

11. Officers executed that search warrant on November 4, 2006. The Gary Police Department's Special Weapons and Tactics unit (SWAT) made entry into the residence through the front door and secured the residence. No subjects were located inside the residence. Investigators conducted a search of the residence and located approximately 331.71 grams of suspected crack cocaine, 34.06 grams of suspected marijuana, nine (9) firearms and one bullet-proof vest. Investigators also located assorted ammunition, weapon magazines, several digital scales and assorted packaging material throughout the residence.

## CONCLUSION

12.  On the basis of the information contained in this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to arrest Corey Taylor and Christopher Hughes for knowingly and intentionally possessing with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, commonly known as crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NOT.

_____
Michael L. Barnes
Detective, Gary Police Department

SUBSCRIBED AND SWORN TO BEFORE ME
this 6rd day of November, 2006.

_____
Paul R. Cherry
United States Magistrate Judge